UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRED WASHINGTON,

      Petitioner,

v.                                         Case No. 08-CV-0824

RICK RAEMISCH, sued as RICK REAMISCH,

      Respondent.

**ORDER**

On October 1, 2008, Jerred Washington filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Washington was convicted in Milwaukee County Circuit Court of third degree sexual assault and was sentenced to 10 years imprisonment on October 2, 1997. He is currently incarcerated at Kettle Moraine Correctional Institution, apparently as a result of a proceeding under Wisconsin's civil commitment law for sexually violent persons. Wis. Stat. § 980.01 et seq.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims.

Washington claims he was sentenced to ten years confinement on October 2, 1997, after pleading guilty to third degree sexual assault contrary to Wis. Stat. § 940.225(3). He was originally

charged with second degree sexual assault contrary to Wis. Stat. § 940.225(2), but claims he agreed to enter a plea of guilty to third degree sexual assault in order to avoid the risk of conviction of the more serious charge which would have made him eligible for commitment as a sexual offender under Chapter 980 of the Wisconsin Statutes. At the time, third degree sexual assault was not one of the predicate offenses for a Chapter 980 commitment. The law was amended by 2005 Act 434, however, to add third degree sexual assault to the list of offenses that qualify as "sexually violent offenses", see Wis. Stat. § 980.01(6)(a), and Washington claims that he is now the subject of a Ch. 980 proceeding. Based on these allegations, Washington asserts two claims: he claims that (1) the State violated the terms of the plea agreement, and (2) his attorney provided ineffective assistance of counsel.

There are obvious problems with Washington's petition for relief under 28 U.S.C. § 2254. Leaving aside the question of whether it is timely and the fact he apparently has failed to exhaust his state court remedies, however, I conclude that Washington has simply failed to state a claim. This is not to say that the state does not have an obligation to comply with a plea agreement. People charged with a crime have a due process right to fundamental fairness, and as a general rule, fundamental fairness means that the courts will enforce promises made during the plea bargaining process that induce a criminal defendant to waive his constitutional rights and plead guilty. See Santobello v. New York, 404 U.S. 257, 262 (1971). The failure of an attorney to provide effective assistance in the representation of a person accused of a crime is also cognizable under § 2254. See Strickland v. Washington, 466 U.S. 668 (1984). But the fact that the Wisconsin legislature changed the law nine years after Washington's conviction so that he then became eligible for commitment as a sexually violent person does not establish either claim.

2

Washington agreed to enter a plea to third degree sexual assault and the prosecutor amended the charge accordingly. While it may be true that the change in law has removed the incentive Washington had for entering a plea, that is not the fault of either the prosecutor or his own attorney. Washington received the benefit for which he bargained: a conviction of third degree, rather than second degree, sexual assault. While he may have believed his conviction for third degree sexual assault would make him ineligible for civil commitment under Chapter 980, he does not allege that the state promised as part of the agreement that it would not pursue such a commitment. At the time there was no need for such a promise since the law did not treat third degree sexual assault as a "sexually violent offense." Certainly, his lawyer is not ineffective for failing to predict a change in the law that occured nine years later. Based on the foregoing, I conclude that Washington has failed to state a claim upon which relief can be granted under 28 U.S.C. § 2254.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated this   8th   day of October, 2008.

                                           s/ William C. Griesbach
                                           William C. Griesbach
                                           United States District Judge

3

Case 1:08-cv-00824-WCG   Filed 10/08/08   Page 3 of 3   Document 2